UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Albert D. Ivory, | Case No. 23-cv-116 (ECT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, Corporate Court, | |
| Defendant. | |

---

Pro se Plaintiff Albert D. Ivory, a prisoner, filed a petition for a writ of mandamus. (ECF No. 1.) In lieu of paying the filing fee, Mr. Ivory filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) The Court now reviews Mr. Ivory's pleading (ECF No. 1) and IFP application.

Mr. Ivory's pleading defies easy summation. Although not explicit, this matter appears to concern Mr. Ivory's grievances surrounding his criminal convictions. (*See* ECF No. 1.) According to publicly accessible state court records, Mr. Ivory is currently serving a term of imprisonment after pleading guilty to unlawful gun possession in violation of Minn. Stat. § 624.713 in two separate criminal cases. *See State of Minnesota v. Ivory*, 82-CR-21-3821 (Minn. Dt. Ct.), *and State of Minnesota v. Ivory*, 62-CR-21-757 (Minn. Dt. Ct.).

Although not entirely clear, it appears Mr. Ivory claims the various state actors involved with his criminal convictions did not have "standing" to prosecute him because they did not suffer any injury. (ECF No. 1 at 3.) According to Mr. Ivory, because they lacked standing, his prosecution and subsequent imprisonment constitutes kidnapping and cruel and unusual punishment. (*Id.*) Further, Mr. Ivory appears to challenge the validity of his guilty pleas, alleging

impermissible third-party involvement in the plea negotiation process. (*Id.* at 5.) Finally, Mr. Ivory challenges the constitutionality of his convictions, claiming the Second Amendment guarantees his right to bear arms and any state or federal law in conflict with this right is invalid. (*Id.* at 10.) Mr. Ivory requests a writ of mandamus compelling the state court to dismiss his criminal charges and demands an award of money damages for his alleged false imprisonment. (*Id.* at 11, 14.)

Mandamus, however, is not remedy available to Mr. Ivory. Federal courts "have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." *Shaw v. Minnesota*, Case No. 22-CV-0334 (WMW/HB), 2022 WL 3128970 at * 1 (D. Minn. Feb. 18. 2022), *report and recommendation adopted by* 2022 WL 2712882 (D. Minn. July 13, 2022) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (citation and quotation marks omitted)). "Federal courts lack the authority to issue a writ of mandamus to state courts under either the federal mandamus statute, 28 U.S.C. § 1361 – which provides for the issuance of a writ of mandamus to *federal* officers and agencies – or, where mandamus is the only relief sought, the All Writs Act, 28 U.S.C. § 1651." *Id.* (quoting *Chambersel v. Florida*, 816 F. App'x 424, 425-26 (11th Cir. 2020) (per curiam)). Accordingly, to the extent Mr. Ivory intends his pleading to be construed as petition for a writ of mandamus, the Court must deny his request for lack of jurisdiction.

Recognizing that it must construe pro se pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court also construes Mr. Ivory's pleading as a petition for a writ of habeas corpus. Mr. Ivory's pleading fares no better as a habeas petition. Under 28 U.S.C. § 2254(b), a petitioner held pursuant to a state-court judgment, such as Mr. Ivory, must first exhaust available state remedies for his claims before requesting habeas relief in federal court. "A claim is

considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Here, nothing in Mr. Ivory's pleading suggests he has appealed his state court convictions.  And after reviewing the publicly accessible state court records system, the Court finds no indication that Mr. Ivory has presented any of his claims in an appeal of his convictions.  Thus, even if the Court were to construe Mr. Ivory's pleading as a habeas petition, the Court would recommend its dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for failure to first exhaust his state court remedies.

The Court next addresses Mr. Ivory's request for money damages for his alleged "false imprisonment."  The appropriate vehicle for this type of a claim is a civil complaint.  Indeed, Mr. Ivory's pleading is sprinkled with references to various civil rights statutes: 42 U.S.C. § 1981; 42 U.S.C. § 1983; and 42 U.S.C. § 1985.  But liberally construing Mr. Ivory's pleading as a civil complaint does not provide him the relief he seeks because his claims attack the validity of his convictions.  As such, they are entirely foreclosed by *Heck v. Humphrey*, which held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentenced invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994).  Although *Heck* explicitly addresses claims brought under section 1983, courts have extended *Heck* to other claims predicated on the validity of the plaintiff's incarceration.  *See Hernandez v. United States*, 2011 WL 2581193, Case No. 8:11CV134 at * 2 n.1 (D. Neb. June 29, 2011) (listing cases).  Here, Mr. Ivory requests monetary damages on the

grounds that his current incarceration is unlawful. This is exactly the type of claim *Heck* precludes. Accordingly, even if the Court construes Mr. Ivory's claims as a civil complaint, the Court recommends this matter be dismissed without prejudice under *Heck*. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (concluding the action was properly dismissed for failure to state a claim under *Heck*).

Although Mr. Ivory cites multiple other federal laws in his pleading, they do not provide him with a basis for relief. For example, 18 U.S.C. § 241 makes it a crime to conspire to violate a person's civil rights and 18 U.S.C. § 2381 defines the crime of treason. Similarly, 18 U.S.C. § 1001, 18 U.S.C. § 4, and 18 U.S.C. § 962 define federal crimes. The Court has no authority to prosecute alleged violations of federal law under these statutes. *See Doe v. LaFleur*, 179 F.3d 613, 615 (8th Cir. 1999) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases and controversies.") (quoting *Missouri v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998)). Mr. Ivory also cites federal laws outside of the criminal code, but none of them establish grounds for the relief he seeks. 28 U.S.C. § 2072 authorizes the Supreme Court to promulgate general rules of practice and procedure; 28 U.S.C. § 1368 describes the scope of federal court jurisdiction; and 28 U.S.C. § 1491 describes the jurisdiction of the United States Court of Federal Claims. None of these laws establishes a basis for Mr. Ivory's claims.

In short, there is no way for the Court to construe Mr. Ivory's pleading to grant the relief he requests. Accordingly, the Court recommends that this matter be dismissed without prejudice and that Mr. Ivory's request to proceed *in forma pauperis* be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Ivory's Petition for Writ of Mandamus (ECF No. [1]) be **DENIED**;

2. Mr. Ivory's application to proceed *in forma pauperis* (ECF No. [2]) be **DENIED**; and

3. Mr. Ivory be required to pay the full amount this action's statutory filing fee ($350.00) in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be required to provide notice of this requirement to the authorities at the institution where Mr. Ivory is confined.


Dated: March 21, 2023                         *s/ Dulce J. Foster*
                                              DULCE J. FOSTER
                                              United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).